# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| RODRIGUEZ, VICTOR | § | Case No. 12-40246 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on      . The undersigned trustee was appointed on        .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was            and the deadline for filing governmental claims was            . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $            . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $            , for a total compensation of $            [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $        , for total expenses of $            [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/ANDREW J. MAXWELL, TRUSTEE_____
                                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 12-40246 | TAB | Judge: TIMOTHY A. BARNES | Trustee Name: | ANDREW J. MAXWELL, TRUSTEE |
| Case Name: | RODRIGUEZ, VICTOR | | | Date Filed (f) or Converted (c): | 10/10/12 (f) |
| | | | | 341(a) Meeting Date: | 12/04/12 |
| For Period Ending: | 08/30/14 | | | Claims Bar Date: | 05/02/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Residence: 289 W. 16th Place Chicago Heights, IL 6 | 90,900.00 | 0.00 | | 0.00 | FA |
| 2. Checking Account with Charter One Location: In deb | 500.00 | 0.00 | | 0.00 | FA |
| 3. Miscellaneous Household Goods Location: In debtor' | 1,500.00 | 0.00 | | 0.00 | FA |
| 4. Miscellaneous Wearing Apparel Location: In debtor' | 500.00 | 0.00 | | 0.00 | FA |
| 5. Term Life Insurance with State Farm | 0.00 | 0.00 | | 0.00 | FA |
| 6. Location: In debtor's possession | 0.00 | 0.00 | | 0.00 | FA |
| 7. Lawsuit against Cook County Sheriff's Department | Unknown | 400,000.00 | | 400,000.00 | FA |
| 8. Worker's Compensation Case against State of Illino | Unknown | 0.00 | | 0.00 | FA |
| 9. 1979 Suzuki GSI (does not work) Location: In debto | 0.00 | 150.00 | | 0.00 | FA |
| 10. 1980 Kawasaki Ltd (does not work) Location: In deb | 250.00 | 250.00 | | 0.00 | FA |
| 11. 1989 Chevy Blazer (does not work) Location: In deb | 400.00 | 400.00 | | 0.00 | FA |
| 12. 1993 Ford Mustang (does not work) Location: In deb | 500.00 | 500.00 | | 0.00 | FA |
| 13. 1993 Nissan Maxima Location: In debtor's possessio | 1,000.00 | 1,000.00 | | 0.00 | FA |
| 14. 2000 Honda Goldwing Location: In debtor's possessi | 3,000.00 | 2,000.00 | | 0.00 | FA |
| 15. 2005 Ford F-250 Truck Location: In debtor's posses | 7,000.00 | 0.00 | | 0.00 | FA |
| 16. VOID (u) | Unknown | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $105,550.00 | $404,300.00 | | $400,000.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

PI case pending, settled, lien claims paid

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | |
|---|---|---|
| Case No: 12-40246 TAB Judge: TIMOTHY A. BARNES | Trustee Name: | ANDREW J. MAXWELL, TRUSTEE |
| Case Name: RODRIGUEZ, VICTOR | Date Filed (f) or Converted (c): | 10/10/12 (f) |
| | 341(a) Meeting Date: | 12/04/12 |
| | Claims Bar Date: | 05/02/13 |

Initial Projected Date of Final Report (TFR): 12/31/14    Current Projected Date of Final Report (TFR): 12/31/14

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 12-40246 -TAB | Trustee Name: | ANDREW J. MAXWELL, TRUSTEE |
|---|---|---|---|
| Case Name: | RODRIGUEZ, VICTOR | Bank Name: | ASSOCIATED BANK |
| | | Account Number / CD #: | *******8660 Checking Account |
| Taxpayer ID No: | *******1171 | | |
| For Period Ending: | 08/30/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 06/17/14 | 7 | COUNTY OF COOK<br>CHICAGO, IL | PERSONAL INJURY SETTLEMENT | 1242-000 | 400,000.00 | | 400,000.00 |
| 06/23/14 | 010001 | CMS REVOLVING FUND | Final Payment<br>Satisfaction of Worker's Compensation Lien<br>o/c 4/23/2014 | 4220-000 | | 106,304.18 | 293,695.82 |
| 06/23/14 | 010002 | STATE EMPLOYEES RETIRMENT SYSTEM | Final Payment<br>Satisfaction of State Employees' Retirement System's Lien<br>o/c 04/23/2014 | 4220-000 | | 27,029.16 | 266,666.66 |
| 06/23/14 | 010003 | CORBOY & DEMETRIO, PC.<br>33 North Dearborn Street<br>21 st Floor<br>Chicago, IL 60602 | Final Payment for Attorney's Fees<br>o/c 04/23/2014 | 3210-000 | | 133,333.34 | 133,333.32 |
| 06/23/14 | 010004 | CORBOY & DEMETRIO, PC.<br>33 North Dearborn Street<br>21 st Floor<br>Chicago, IL 60602 | Final Payment for Attorney's Expens<br>c/o 04/23/2014 | 3220-000 | | 32,967.95 | 100,365.37 |
| 06/23/14 | 010005 | VICTOR RODRIGUEZ<br>289 W 16TH PLACE<br>CHICAGO HEIGHTS, IL 60411 | FINAL FULL PAYMENT PI EXEMPTION | 8100-000 | | 15,000.00 | 85,365.37 |
| 07/08/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 233.72 | 85,131.65 |

Page Subtotals  400,000.00  314,868.35

FORM 2

Page: 2

Exhibit B

### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No: | 12-40246 -TAB |
| Case Name: | RODRIGUEZ, VICTOR |
| Taxpayer ID No: | *******1171 |
| For Period Ending: | 08/30/14 |

| | |
|---|---|
| Trustee Name: | ANDREW J. MAXWELL, TRUSTEE |
| Bank Name: | ASSOCIATED BANK |
| Account Number / CD #: | *******8660 Checking Account |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | COLUMN TOTALS | | 400,000.00 | 314,868.35 | 85,131.65 |
| | | | Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| | | | Subtotal | | 400,000.00 | 314,868.35 | |
| | | | Less: Payments to Debtors | | | 15,000.00 | |
| | | | Net | | 400,000.00 | 299,868.35 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account - ********8660 | 400,000.00 | 299,868.35 | 85,131.65 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 400,000.00 | 299,868.35 | 85,131.65 |
| | ============== | ============== | ============== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals    0.00    0.00

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

LFORM24

Ver: 18.00b

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: August 14, 2014 |

Case Number: 12-40246  
Debtor Name: RODRIGUEZ, VICTOR

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>2100-00 | ANDREW J. MAXWELL, TRUSTEE<br>105 W. ADAMS<br>SUITE 3200<br>CHICAGO, IL 60603 | Administrative | | $21,036.93 | $0.00 | $21,036.93 |
| 001<br>3110-00 | MAXWELL LAW GROUP, LLC<br>105 WEST ADAMS<br>SUITE 3200<br>CHICAGO, IL 60603 | Administrative | | $7,649.60 | $0.00 | $7,649.60 |
| 001<br>3220-00 | CORBOY & DEMETRIO PC<br>33 n DEARBORN STREET<br>21ST FLOOR<br>CHICAGO, IL 60602 | Administrative | | $133,333.34 | $133,333.34 | $0.00 |
| 001<br>3220-00 | CORBOY & DEMETRIO PC<br>33 N DEARBONE ST<br>21ST FLOOR<br>CHICAGO IL 60602 | Administrative | | $32,967.95 | $32,967.95 | $0.00 |
| 999<br>8100-00 | VICTOR RODRIGUEZ | Unsecured | | $15,000.00 | $15,000.00 | $0.00 |
| 999<br>8200-00 | VICTOR RODRIGUEZ<br>289 W 16TH PLACE<br>CHICAGO HEIGHTS, IL 60411 | Unsecured | | $29,261.50 | $0.00 | $29,261.50 |
| 000001<br>070<br>7100-00 | PYOD, LLC its successors and assigns<br>as<br>assignee<br>of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Unsecured | | $2,145.40 | $0.00 | $2,145.40 |
| 000002<br>070<br>7100-00 | RBS Citizens<br>443 Jefferson Blvd<br>RJW 135<br>Warwick RI 02886 | Unsecured | | $12,793.77 | $0.00 | $12,793.77 |
| 000003<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $3,294.35 | $0.00 | $3,294.35 |
| 000004<br>070<br>7100-00 | Portfolio Investments II LLC<br>c/o Recovery Management Systems<br>Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $978.55 | $0.00 | $978.55 |
| 000005<br>070<br>7100-00 | Capital Recovery V, LLC<br>c/o Recovery Management Systems<br>Corporat<br>25 SE 2nd Avenue Suite 1120 | Unsecured | | $1,595.89 | $0.00 | $1,595.89 |

Page 2

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Date: August 14, 2014

Case Number: 12-40246
Debtor Name: RODRIGUEZ, VICTOR

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| | Miami FL 33131-1605 | | | | | |
| 000006 070 7100-00 | Capital Recovery V, LLC c/o Recovery Management Systems Corporat 25 SE 2nd Avenue Suite 1120 Miami FL 33131-1605 | Unsecured | | $765.69 | $0.00 | $765.69 |
| 000007 070 7100-00 | WORLD'S FOREMOST BANK CABELA'S CLUB VISA PO BOX 82609 LINCOLN, NE 68501-2609 | Unsecured | | $5,519.00 | $0.00 | $5,519.00 |
| 050 4220-00 | CMS REVOLVING FUND | Secured | | $106,304.18 | $106,304.18 | $0.00 |
| 050 4220-00 | STATE EMPLOYEES RETIRMENT SYSTEM | Secured | | $27,029.16 | $27,029.16 | $0.00 |
| | Case Totals: | | | $399,675.31 | $314,634.63 | $85,040.68 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-40246
Case Name: RODRIGUEZ, VICTOR
Trustee Name: ANDREW J. MAXWELL, TRUSTEE

Balance on hand                                                                 $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| | CMS REVOLVING FUND | $ | $ | $ | $ |
| | STATE EMPLOYEES RETIRMENT SYSTEM | $ | $ | $ | $ |

Total to be paid to secured creditors                            $_____

Remaining Balance                                                        $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: ANDREW J. MAXWELL, TRUSTEE | $ | $ | $ |
| Attorney for Trustee Fees: MAXWELL LAW GROUP, LLC | $ | $ | $ |
| Attorney for Trustee Expenses: MAXWELL LAW GROUP, LLC | $ | $ | $ |
| Other: CORBOY & DEMETRIO PC | $ | $ | $ |
| Other: CORBOY & DEMETRIO PC | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____

    Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | PYOD, LLC its successors and assigns as | $ | $ | $ |
| 000002 | RBS Citizens | $ | $ | $ |
| 000003 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000004 | Portfolio Investments II LLC | $ | $ | $ |
| 000005 | Capital Recovery V, LLC | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000006 | Capital Recovery V, LLC | $ | $ | $ |
| 000007 | WORLD'S FOREMOST BANK | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____


Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be    percent.

Tardily filed general (unsecured) claims are as follows:

NONE


Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be    percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE


To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of    % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $    . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $            .